IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| MARY PATTERSON, Individually, and ) <br> TRAVIS PATTERSON, Individually, ) <br>     Plaintiffs, ) <br> ) <br> Vs. ) <br> ) <br> CITY OF WICHITA, KANSAS ) <br> And OFFICER J. HENRY, ) <br>     Defendants. ) <br> _____) | Case No.  12-1308-JAR |

## FIRST AMENDED COMPLAINT

COMES NOW the Plaintiffs, by and through their counsel of record, James A. Thompson of the law firm Klenda Austerman, LLC, and for their First Amended Complaint, allege and state as follows:

## NATURE OF ACTION

1. This is a civil action for redress of the violation of the rights of Mary Patterson ("Mrs. Patterson") and her son, Travis Patterson ("Travis"). On June 7, 2010, Wichita Police Officer Sgt. Henry, accosted and severely harmed Mrs. Patterson and her adult son Travis in contravention of their rights under the Fourth and Fourteenth Amendments of the United States Constitution, the State of Kansas Constitution, the Kansas Tort Claims Act and the common law of the State of Kansas.

## JURISDICTION AND VENUE

2. This action arises under the United States Constitution's 4th and 14th Amendment, the State of Kansas Constitution, the Kansas Tort Claims Act and the common law of the State of Kansas and is brought pursuant to the Civil Rights Act of 1871, 42 U.S.C. § 1983 and §1988.

3. Jurisdiction of this Court is invoked under the provisions of Sections 1331, 1343(3) and 1367(a) of Title 28 and Sections 1983 and 1988 of Title 42 of the United States Code.

4. The amount in controversy exceeds $75,000, exclusive of costs and interest.

5. Plaintiffs filed their original Verified Petition on June 5, 2012 regarding their federal claims and reserved the right to amend their complaint to include their state law claims once the City of Wichita responded to Plaintiffs' notice of claim required by K.S.A. 12-105b.

6. Plaintiffs served Defendant City of Wichita, Kansas with proper and sufficient notice pursuant to K.S.A. 12-105b(d) on June 5, 2012, detailing the facts of Plaintiffs' state law claims and complying with all aspects of Kansas substantive and procedural law relating to claims against municipalities pursuant to the Kansas Tort Claims Act.

7. The City of Wichita denied those state law claims on August 10, 2012.

8. Plaintiffs have 90 days to file their state law claims after the claims are denied.

9. Venue is proper, in that all of the claims herein occurred within Sedgwick County, Kansas, and all of the parties herein are from Sedgwick County, Kansas.

## PARTIES

10. Plaintiff Mary Patterson is a resident of Sedgwick County, Kansas, and a United States citizen.

20U4109

11. Plaintiff Travis Patterson is a resident of Sedgwick County, Kansas, and a United States citizen.

12. Defendant City of Wichita, Kansas is a city organized under the laws of the State of Kansas.

13. Defendant Officer J. Henry is an officer of the City of Wichita, Kansas Police Department. As such, Defendant Henry is a duly appointed agent authorized to enforce the laws of the City of Wichita, and the State of Kansas and so acted under color of the law of the City of Wichita and in the scope of his employment at all times relevant to this action. Defendant Henry is sued in both his individual and official capacity and may be served with process at 3015 E. 21st. St. North,Wichita, Kansas 67214.

## FACTS

14. On June 7, 2010, Plaintiff Travis Patterson was arguing with his brother in the front yard of his mother, Mary Patterson's house at 2016 E. Random Rd, Wichita, Kansas.

15. Plaintiff Mary Patterson is a 55 year old grandmother, approximately 5'2" tall and weighing about 150 lbs.

16. Plaintiff Mary Patterson separated her two sons, and while Plaintiff Travis Patterson sat down on the curb of the street, Mary's other son went to his car to leave.

17. Suddenly officers arrived and tackled Mary's other son next to his vehicle.

18. Mary, standing in the street, tried to tell the officers that everything was alright and that she had got everything calmed down between her boys.

19. Suddenly, and without warning, Mary was tackled and slammed to the pavement in the street by Defendant Henry, who is approximately 6'3" tall and weighs approximately 250 pounds.

20U4109

20. As a result of being tackled in the street, Plaintiff suffered a fractured left foot, injured left hip and side, a torn rotator cuff in her left shoulder, and various scrapes and bruises.

21. Upon seeing his mother tackled and hearing her cry out in pain, Plaintiff instinctively began to pull the man off his mother.

22. When he realized it was a police officer, Plaintiff backed up and put his hands in the air and began apologizing to another officer that approached.

23. Enraged, Defendant got up and insisted that the other officer pull his Tazer and taze/electrocute Plaintiff Travis Patterson.

24. When the officer refused, Defendant grabbed the Tazer from the officer and repeatedly electrocuted Plaintiff Travis Patterson, despite the fact that Travis was not resisting in any way.

25. Plaintiff Travis Patterson fell face first to the pavement as a result of the tazing, causing his teeth to lacerate his lips and requiring stitches.

26. Defendant then arrested Mary and Travis, and falsely charged them with crimes in order to cover up his own wrong doing.

27. At the Sedgwick County Jail, Defendant again accosted Plaintiff Travis Patterson repeatedly kneeing him and violently twisting his thumb while he was handcuffed.

28. The City of Wichita prosecuted Mrs. Patterson and the case was taken to trial wherein the judge acquitted Mrs. Patterson of all charges.

## COUNT 1 – 4th Amendment Violation – Excessive Force Against Mary Patterson

29. Plaintiffs incorporate by reference all other allegations set forth in the paragraphs above.

30. Defendant Henry acted "under color of law".

31. Defendant tackled Mrs. Patterson and slammed her to the pavement.

32. Defendant's unreasonable and excessive use of such force amounts to deliberate indifference to the constitutional rights of Mrs. Patterson.

33. That as a direct result, Mrs. Patterson suffered damages.

## COUNT 2 – 4th Amendment Violation – False Arrest

34. Plaintiffs incorporate by reference all other allegations set forth in the paragraphs above.

35. The false arrest by Defendant violated Mrs. Patterson's 4th Amendment rights under the U. S. Constitution.

36. Defendant acted "under color of law".

37. Defendant arrested Mrs. Patterson, or directed that she be arrested.

38. Defendant lacked probable cause to arrest Mrs. Patterson.

39. As a direct result, Mrs. Patterson suffered damages.

## COUNT 3 – 4th Amendment – Malicious Prosecution – Mary Patterson

40. Plaintiffs incorporate by reference all other allegations set forth in the paragraphs above.

41. Defendant initiated criminal proceedings against Plaintiff Mary Patterson.

42. The Wichita Municipal Court acquitted Mary Patterson, finding her not guilty.

43. Defendant lacked probable cause to instigate the criminal proceeding against Mary Patterson.

44. Defendant acted maliciously or for a purpose other than to lawfully bring Plaintiff to justice.

45. Plaintiff suffered a deprivation of liberty as a result of her unlawful seizure under the 4th Amendment to the United States Constitution.

46. Plaintiff suffered damages.

## COUNT 4 – 4th Amendment – Excessive Force Against Travis Patterson

47. Plaintiffs incorporate by reference all other allegations set forth in the paragraphs above.

48. Defendant Henry acted "under color of law".

49. Defendant repeatedly tazed and electrocuted Plaintiff Travis Patterson without provocation or justification, and repeatedly kneed him and violently twisted his thumb while he was handcuffed.

50. Defendant's unreasonable use of such force amounts to deliberate indifference to the constitutional rights of Travis under the 4th Amendment to the United States Constitution.

51. That as a direct result, Travis Patterson suffered damages.

### **COUNT 5 – City of Wichita's Failure to Train**

52. Plaintiffs incorporate by reference all other allegations set forth in the paragraphs above.

53. Defendant City of Wichita knew, or should have known, its officers would encounter situations wherein the use of a tazer would be required.

54. Wichita Police Department Officers regularly deploy their Tasers as part of their job duties.

55. The use of Tasers by officers is ripe for abuse by those officers.

56. Wichita police officers have deployed their Tasers hundreds, if not thousands of times against citizens.

57. Despite the obvious need for a policy or regulation regarding the use of Tasers and guidelines for their use, Defendant City of Wichita failed to enact sufficient policies or regulations addressing the use of Tasers, and the unreasonable use of force with Tasers prior to this incident.

58. The City of Wichita does have policies in place now regarding the use of Tasers.

59. Defendant City of Wichita knew, or should have known, that such a failure to enact such

    policies for training and guidance on the use of Tasers, would result in the deprivation of constitutional rights of citizens by members of the Wichita Police Department.

60. The failure of the City of Wichita to properly provide training and guidance in the form or regulations and policies specifically addressing the use of Tasers, resulted in the deprivation of Plaintiff Travis Patterson's 4th Amendment rights caused by the unlawful and excessive use of force by Defendant Henry.

61. Plaintiff Travis Patterson suffered damages as a result.

### COUNT 6 – Negligence – Use of Force

62. Plaintiffs incorporate by reference all other allegations set forth in the paragraphs above.

63. Defendant Henry possessed a duty to both plaintiffs not to use excessive or unreasonable force against them.

64. While in the course of his employment as a Wichita Police Department Officer, Defendant Henry breached the duty to each plaintiff and used excessive or unreasonable force against each of them.

65. Defendant Henry does not have discretion to use unreasonable or excessive force on any citizen including Plaintiffs.

66. The City of Wichita is liable through *respondeat superior* for the actions of Defendant Henry regarding his negligent acts.

67. As a result of his breach of duty during the course of his employment, Defendant Henry caused each plaintiff to suffer injuries and damages.

### COUNT 7 – Negligent Infliction of Emotional Distress

68. Plaintiffs incorporate by reference all other allegations set forth in the paragraphs above.

69. Defendant Henry's actions injured Mary Patterson by causing her emotional distress

associated with the unlawful use of force against her and her son Travis Patterson, in addition to the humiliation caused by her unlawful arrest and prosecution.

70. Defendant Henry's actions injured Mr. Patterson by causing him emotional distress in watching his mother being tackled, injured and arrested by Defendant, then having unreasonable force used against him as he was arrested.

71. Mrs. Patterson's injuries were directly and proximately caused by the emotional distress Defendant Henry inflicted on Ms. Patterson and arose as the result of Ms. Patterson's arrest, incarceration, transport to the jail while incarcerated, and nearly a year of living under a baseless pending prosecution of which she was eventually acquitted.

72. Travis Patterson's injuries were directly and proximately caused by the emotional distress Defendant Henry inflicted on Travis and arose as a result of the excessive force repeatedly used by Defendant Henry against Travis.

73. The City of Wichita is liable through *respondeat superior* for the actions of Defendant Henry regarding his negligent acts.

74. As a result of his breach of duty during the course of his employment, Defendant Henry caused each plaintiff to suffer injuries and damages.

### COUNT 8 – Intentional Infliction of Emotional Distress

75. Plaintiffs incorporate by reference all other allegations set forth in the paragraphs above.

76. Defendant Henry's actions in relation to Mary Patterson and outlined above were extreme and outrageous and reasonable members of society would find Defendant's conduct to be intolerable and beyond all bounds of decency in a civilized society.

77. Defendant Henry's actions were intentionally or recklessly inflicted upon Mary Patterson.

20U4109

78. Defendant Henry's actions are the direct and proximate cause of Mrs. Patterson's emotional injuries.

79. Ms. Patterson suffered severe emotional injuries as a result of Defendant Henry's actions.

80. Defendant Henry's actions in relation to Travis Patterson and outlined above were extreme and outrageous and reasonable members of society would find Defendant's conduct to be intolerable and beyond all bounds of decency in a civilized society.

81. Defendant Henry's actions were intentionally or recklessly inflicted upon Travis Patterson.

82. Defendant Henry's actions are the direct and proximate cause of Mr. Patterson's emotional injuries.

83. Mr. Patterson suffered severe emotional injuries as a result of Defendant Henry's actions.

84. The City of Wichita is liable through *respondeat superior* for the actions of Defendant Henry.

85. As a result of his outrageous conduct during the course of his employment, Defendant Henry caused each plaintiff to suffer injuries and damages.

WHEREFORE, Plaintiffs pray for damages for each Plaintiff in excess of $75,000.00 exclusive of interest, costs and attorney fees; that Plaintiffs be granted attorney fees and costs for each of their federal claims pursuant to 42 U.S.C. §1988, that Plaintiffs be granted pre and post judgment interest on any damages awarded at the statutory rate, and for other and such further relief as the Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiffs respectfully request that this matter be tried to a jury.

20U4109

Dated this 9th day of October, 2012.

/s/ James A. Thompson
James A. Thompson, SC # 21263
Klenda Austerman LLC
301 N. Main, #1600
Wichita, Kansas 67202
316.267.0331(Office)
316.267.0333(Fax)
jthompson@klendalaw.com
*Attorney for Plaintiffs*

20U4109