IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

```
MARY PATTERSON and            )
TRAVIS PATTERSON,             )
                              )
              Plaintiffs,     )   CIVIL ACTION
                              )
v.                            )   No.  12-1308-MLB
                              )
CITY OF WICHITA, KANSAS, and  )
J. HENRY,                     )
                              )
              Defendants.     )
_____)
```

## MEMORANDUM AND ORDER

This case comes before the court on both plaintiffs' and defendants' motions in limine. (Docs. 85, 86). The motions have been fully briefed and are ripe for decision. (Docs. 87, 93, 94, 99).

All parties seek to prohibit the admission of certain evidence at trial. To the extent it can with the information before it, the court will briefly rule on each motion. The court cautions the parties, however, that nothing in this order will preclude the admissibility of the excluded evidence if it otherwise becomes relevant at trial. See Turley v. State Farm Mut. Ins. Co., 944 F.2d 669, 673 (10th Cir. 1991) ("The better practice would seem to be that evidence of this nature . . . should await development of the trial itself."). By the same taken, nothing said herein should be constituted as a final ruling admitting evidence to which a valid objection is made at trial.

### Analysis

The facts of this case are set forth in the Memorandum and Order

issued by Judge Julie Robinson on June 5, 2014. (Doc. 81). Plaintiffs allege that defendant J. Henry, a police officer employed by defendant City of Wichita, used excessive force during their arrests on June 6, 2010. Additionally, plaintiff Mary Patterson brings a claim of false arrest against defendants.

I.   **Plaintiffs' Motion in Limine**

   A.   **Witnesses' Criminal History**

Plaintiffs seek to exclude the criminal history of Mary Patterson, Antron Cox and Nazeeh Shahid.

**Mary Patterson**

Plaintiffs seek to exclude Mary's prior arrest for misuse of food stamps which occurred in 2000. Defendants contend that Mary has been arrested several times and the arrests are relevant to her claim for emotional damages. Neither party, however, has provided the court with any specific information regarding Mary's prior arrest(s) and/or conviction(s).[1] In order for the court to properly rule on a motion in limine concerning a prior arrest or conviction, the court must be provided with the specific information surrounding the arrest and/or conviction. The "evidence" of Mary's arrests may be in medical records but that does not mean defendants do not have to produce them if they want the evidence admitted at trial. Nor is the court obligated to "request" the parties to produce the records. (Doc. 93, n. 1).

Therefore, plaintiffs' motion to exclude Mary's criminal record

---

[1] Plaintiffs cite to Mary's deposition in their brief. The deposition testimony is vague and does not state specifically the charge against Mary and the outcome of that charge.

-2-

is granted.

**Antron Cox**

Plaintiffs seek to exclude evidence that Cox, who is Mary's son and an individual on the scene at the time of plaintiffs' arrests, had an outstanding arrest warrant for charges of rape and aggravated battery on June 6, 2010. Plaintiffs contend that this evidence would prejudice the jury.

On June 6, 2010, Henry was dispatched to Mary's house because Cox and Travis Patterson were fighting. Henry testified in his deposition that he had knowledge of Cox's outstanding warrant and charges at the time of the arrests because he had attempted to arrest Cox at Mary's address three weeks earlier. The jury in this case will be required to determine whether Henry's actions during the arrest were not "objectively reasonable in light of the facts and circumstances confronting him." Graham v. Connor, 490 U.S. 386, 397, 109 S. Ct. 1865 (1989); Cruz v. City of Laramie, 239 F.3d 1183, 1188 (10th Cir. 2001). This standard requires the consideration of "the alleged crime's severity, the degree of potential threat that the suspect poses to an officer's safety and to others' safety, and the suspect's efforts to resist or evade arrest." Olsen v. Layton Hills Mall, 312 F.3d 1304, 1314 (10th Cir. 2002). In light of these factors, Henry's knowledge of Cox's criminal history is relevant to Henry's actions on June 6, 2010.

Plaintiffs' motion to exclude Cox's outstanding warrant and charges is overruled. The court will consider instructing the jury on limited consideration of the evidence. Counsel may submit proposed instructions.

**Nazeeh Shahid**

Shahid will testify concerning the events of June 6, 2010. In August 2011, Shahid was arrested for allegedly punching his girlfriend. The case was dismissed. Defendants assert that this arrest and domestic battery charge is relevant to show that Shahid is biased and not credible.

Credibility is not a permissible purpose for admitting evidence under Rule 404(b). The court is also not persuaded that Shahid's arrest can be used to establish bias against the Wichita Police Department. There is no evidence that the arresting officer is the same as in this case. Furthermore, the case against Shahid was dismissed. The slight probative value, if any, of Shahid's potential bias against police officers in general as a result of his sole contact with law enforcement is substantially outweighed by the risk of undue prejudice and confusion of the issues. Fed. R. Evid. 403.

Plaintiffs' motion to exclude Shahid's arrest is sustained.

### B. Mary Patterson's Bankruptcy

Defendants respond that they will not seek to introduce this evidence. Therefore, plaintiffs' motion is sustained.

### C. Mary Patterson's Divorce

Plaintiffs' motion is sustained.

### D. Existence of a Gun

A gun was discovered on Mary's car after the arrests. Plaintiffs seek to exclude any evidence of the gun. Defendants contend that the evidence of the gun is admissible to show the "overall atmosphere and conduct confronted by the officers" and to impeach the credibility of the witnesses. (Doc. 93 at 7).

-4-

The existence of the gun is not relevant to establish the reasonableness of Henry's conduct because he did not know of its existence at the time of the arrests. With respect to the argument concerning impeachment, defendants essentially assert that one of the witnesses is lying because only family members could have placed the gun on the car and no one has admitted to doing so. The existence of the gun is not impeachment evidence because defendants do not have any evidence that plaintiffs' or other witnesses' statements concerning their knowledge of the gun were false.

Plaintiffs' motion to exclude any evidence of the gun is sustained.

**E.   Social Security Records**

Plaintiffs seek to exclude Mary's social security records on the basis that they were not timely disclosed and because they violate the collateral source rule. Defendants attached exhibits showing that they made a timely request for records. Therefore, plaintiffs have not shown that they were prejudiced by a late disclosure.

With respect to the collateral source of benefits argument, defendants contend that Mary did not receive any benefits. Defendants, however, apparently seek to introduce the records to establish that Mary's alleged injuries were preexisting. The records total almost 500 pages plus 14 audio recordings. The court has no idea what portion of the records defendants seek to introduce, nor what plaintiffs' position may be with respect to their admissibility once they are identified. The trial is one week away.

The records are excluded, except as they may be relevant to causation and will be testified to by Dr. Fevurly. Fed. R. Civ. P.

1 and 403.

**F.   Causation of Prior or Preexisting Injuries**

Plaintiffs seek to exclude the cause of Mary's pre-existing injuries on the basis that it is not relevant and would be prejudicial.  Defendants contend that the cause of the injuries is "nearly impossible to separate" from the deposition testimony of Dr. Fevurly and is relevant for the jury to assess damages.  (Doc. 93 at 9).  The pretrial order lists Mary's damages as medical expenses and non-economic loss. (Doc. 74 at 16).  It does not, however, explicitly state what injuries Mary allegedly suffered.  Pre-existing injuries which cause similar damages being sought in this case may or may not be relevant and admissible.

Because the parties have failed to provide the court with information concerning Mary's alleged injuries in this case and her prior injuries, plaintiffs' motion is taken under advisement.

**G.   Exoneration of Henry**

Plaintiffs seek to exclude the WPD's determination that Henry did not violate WPD standards during the arrests.  Defendants contend that this motion is premature and the evidence would only be relevant if plaintiffs introduced evidence that they filed complaints with the WPD.

The jury will decide whether Henry used excessive force on June 6, 2010.  The findings by WPD are not relevant to the factors which will be utilized by the jury.  Therefore, the admission of both the filing of a complaint or complaints as well as resolution of the complaints will be confusing to the jury and will not be admitted. Fed. R. Evid. 403.

### H. Statements of Robert Bolin

At this time, defendants do not intend to call Bolin as a witness. Therefore, plaintiffs' motion is sustained.

## II. Defendants' Motion in Limine

### A. Complaints against Henry/ Other Uses of Force

Defendants argue that any evidence of prior complaints or discipline against Henry should be excluded because such prior bad acts are irrelevant and highly prejudicial, citing Fed. R. Evid. 404(b). Plaintiffs contend that the evidence is admissible to show "bias on the part of Defendant Henry." (Doc. 94). Plaintiffs, however, do not explain how a prior use of excessive force establishes bias. Plaintiffs have not alleged racial discrimination in this case.

The Federal Rules of Evidence generally preclude the use of evidence of other wrongs unrelated to the conduct at issue unless it is offered for a proper purpose. Tanberg v. Sholtis, 401 F.3d 1151, 1167 (10th Cir. 2005). The court is not persuaded that the character evidence plaintiffs seek to admit is offered for a proper purpose. Moreover, neither party has attached any evidence of the alleged complaints against Henry.

Therefore, defendants' motion to exclude the complaints is granted.

### B. Municipal Court Trial

Defendants move to exclude the fact that Mary Patterson was acquitted in municipal court on the charge of battery of a law enforcement officer. Plaintiffs contend that the evidence should be admitted because the jury will make an assumption that she was found guilty of the charge. Plaintiffs do not cite any authority to support

their position.

The standard for conviction of a crime is different from the standard for probable cause to arrest. Probable cause to arrest will be found where, under the totality of circumstances, the officer learned of facts and circumstances through reasonably trustworthy information that would lead a reasonable person to believe that an offense has been or is being committed by the person arrested. United States v. Patane, 304 F.3d 1013, 1016 (10th Cir. 2002). An "[a]cquittal does not establish the lack of probable cause." Woods v. Neumeyer, No. 95-1097, 1996 WL 67187 (10th Cir. Feb. 16, 1996)(quoting Scruggs v. United States, 929 F.2d 305, 307 (7th Cir. 1991). Admitting evidence of the municipal court acquittal could not be done without instructing the jury on the burden of proof in that case, and attempting to distinguish it from the burden of proof in this case.

These different burdens of proof may confuse the average person, leading them to infer from the fact that Mary was acquitted in municipal court that her arrest lacked probable cause. Evidence of Mary's acquittal on the criminal charges would thus have "an undue tendency to suggest decision on an improper basis." See United States v. Martinez, 938 F.2d 1078, 1082 (10th Cir. 1991). To the extent that evidence of Mary's acquittal in municipal court may arguably be relevant to the false arrest claim, its probative value is substantially outweighed by the likelihood that its admission would confuse the issues or mislead the jury. See McKinney v. Galvin, 701 F.2d 584, 586 n. 5 (6th Cir. 1983)("Judgments of acquittal are almost always excluded because of a lack of relevancy since they do not

necessarily prove innocence but may indicate only that the prosecution failed to meet its burden of proof beyond a reasonable doubt as to at least one element of the crime.").

Accordingly, defendants' motion to exclude the acquittal is sustained. The court, however, will consider instructing the jury that it is not to speculate about the outcome of Mary's arrest. Counsel may submit proposed instructions.

**C.   Comment by Officer Drzymalla to Travis**

During the arrest of Travis Patterson, Officer Drzymalla made a comment that Travis' degree in criminal justice was not the same as the degree Drzymalla had obtained because Travis was "from the hood." Drzymalla was disciplined by WPD for his inappropriate comment. Defendants seek to exclude this evidence on the basis that it is prejudicial. Plaintiffs contend that it should be admitted to show his bias against plaintiffs and impeach his credibility.

While the comment may be prejudicial to defendants, it was made during the night in question and by one of the arresting officers, an employee of defendant City of Wichita. The statement is admissible on cross examination to show bias and attack Drzymalla's credibility. Defendants' motion to exclude the statement is overruled. However, evidence of the officer's discipline is excluded.

**D.   Prior Court Rulings Concerning Dr. Fevurly**

Plaintiffs respond that they will not seek to introduce this evidence. Therefore, defendants' motion is sustained.

**E.   Insurance**

Defendants seek to exclude any discussion of insurance in Dr. Fevurly's deposition. Defendants' motion is sustained. Fed. R. Evid.

411.

## Conclusion

Plaintiffs' motion in limine is granted in part and denied in part. (Doc. 86). Defendants' motion in limine is granted in part and denied in part. (Doc. 85).

IT IS SO ORDERED.

Dated this   4th   day of August 2014, at Wichita, Kansas.

                                           s/ Monti Belot
                                           Monti L. Belot
                                           UNITED STATES DISTRICT JUDGE